12/13/2016 4:49:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14266420
By: Monica Ovalle
Filed: 12/13/2016 4:49:37 PM

# 2016-85574 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| RUSSELL BOWERMAN AND CODY GARNER | § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| SGS NORTH AMERICA, INC. | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUESTS FOR ADMISSION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RUSSELL BOWERMAN AND CODY GARNER, Plaintiffs, complaining of SGS NORTH AMERICA, INC. ("SGS"), Defendant, and files this Original Petition, Request for Disclosure, Interrogatories, Request for Production and Requests for Admission, and for cause of action would respectfully show the Court the following:

## I.
### DISCOVERY LEVEL

1.1    Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
### PARTIES

2.1 Plaintiff, RUSSELL BOWERMAN, is a resident of Harris County, Texas.

2.3 Plaintiff, CODY GARNER, is a resident of Harris County, Texas.

2.4 Defendant, SGS NORTH AMERICA, INC., is a foreign for-profit corporation registered to do business in Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234. *A Citation is requested at this time.*

### III.
### VENUE

3.1  Venue is proper and maintainable in Harris County, Texas, under the Texas Civil Practice and Remedies Code as the incident made the basis of this suit occurred in Harris County, Texas and the Defendant's place of business is in Harris County, Texas.

### IV.
### BACKGROUND FACTS

4.1 On or about July 6, 2016, Plaintiff RUSSELL BOWERMAN, while lawfully operating a motor vehicle, was traveling east bound on Old Crown Road in Pasadena, Harris County, Texas. Plaintiff CODY GARNER was a passenger in the vehicle operated by Plaintiff RUSSELL BOWERMAN. Plaintiff RUSSELL BOWERMAN came to a complete stop at a stop sign at the intersection of North Witter Street. At the same time, Defendant's driver, was operating a motor vehicle traveling east bound on Old Crown Road. Defendant's employee failed to control his speed and suddenly and without warning collided with Plaintiffs' vehicle. The collision caused Plaintiffs RUSSELL BOWERMAN AND CODY GARNER to sustain serious personal injuries and damages set forth below. Based on information and belief, and at all times relevant to this suit, Defendant's driver was operating his vehicle within the course and scope of his employment with SGS NORTH AMERICA, INC.

4.2 Nothing Plaintiffs did, or failed to do, caused the occurrence in question. Rather, it was the negligence of the Defendant's driver which proximately caused the occurrence in question and Plaintiffs' resulting injuries and damages.

### V.
### CAUSE OF ACTION:
### NEGLIGENCE

Plaintiff's Original Petition, with Discovery

5.1 Defendant's driver, was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively, constitute negligence which proximately caused the collision and the resulting injuries and damages to Plaintiffs:

a. Failing to maintain a proper lookout;

b. Failing to make proper application of the brakes of his vehicle;

c. Failing to make timely application of the brakes of his vehicle;

d. Failing to turn the vehicle to avoid a collision;

e. Operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

f. Being inattentive and failing to maintain proper control of his vehicle;

g. Operating his vehicle in a reckless manner;

h. Disregarding a traffic control device;

i. Failing to control his speed; and

j. Other violations of the Texas Transportation Code.

5.2 The negligence of Defendant's driver was a proximate cause of the collision and Plaintiffs' resulting injuries and damages.

## VI.
## CAUSE OF ACTION:
## NEGLIGENCE PER SE

6.1 Defendant's driver, acts and/or omissions also constitute negligence per se as that term is defined under Texas law. Specifically, Defendant's driver acts and/or omissions violated the following statutory duties:

a. Duty to control speed as necessary to avoid colliding with another vehicle that is on the highway. Tex. Trans. Code. § 545.351;

Certified Document Number: 73081428 - Page 3 of 20

b.  Duty to not drive with willful or wanton disregard for the safety of persons or property. Tex. Trans. Code. § 545.401; and

c.  Other violations of the Texas Transportation Code and Federal Motor Carrier Safety Regulations.

6.2 Plaintiffs RUSSELL BOWERMAN AND CODY GARNER are within the class of persons meant to be protected by these statutes, specifically, travelers on the roadway. Defendant's driver's violations of these statutes were the  proximate cause of the collision and Plaintiffs' injuries and damages.

## VII
## NEGLIGENCE OF SGS NORTH AMERICA, INC.

7.1    Defendant SGS is legally responsible to Plaintiffs for the negligent conduct of its driver under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because Defendant's driver was at all times material hereto an agent, ostensible agent, servant and/or employee of Defendant SGS and was acting within the course and scope of such agency or employment. As a result thereof, Defendant SGS, is liable for all negligence of Defendant's driver.

7.2    Defendant SGS is also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct and supervise Defendant's driver, Defendant SGS, failed to provide the proper training and instruction to Defendant's driver which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Defendant SGS'S negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Plaintiffs' resulting injuries and damages.

## VIII.
## DAMAGES

8.1 The actions and conduct of the Defendants set forth above are the proximate cause of Plaintiffs' serious injuries.

Plaintiff's Original Petition, with Discovery

4

Certified Document Number: 73081428 - Page 4 of 20

8.2 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff RUSSELL BOWERMAN suffered injuries and damages including the following:

1)      Past and future physical pain and suffering;

2)      Past and future mental anguish;

3)      Past and future impairment;

4)      Past and future medical expenses;

4)      Past and future lost wages; and

5)      Past and future lost earning capacity

8.3 As a direct, proximate, and foreseeable result of Defendants' conduct, Plaintiff CODY GARNER suffered injuries and damages including the following:

1)      Past and future physical pain and suffering;

2)      Past and future mental anguish;

3)      Past and future impairment;

4)      Past and future medical expenses;

4)      Past and future lost wages; and

5)      Past and future lost earning capacity

8.4 As discussed above, Plaintiffs have suffered not only easily quantifiable economic damages but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Plaintiffs are required by law to state the maximum amount of damages they are seeking, Plaintiffs believe that when the totality of their damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000). Plaintiff therefore sues for a sum in excess of two hundred thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

Certified Document Number: 73081428 - Page 5 of 20

## IX.
## PRE AND POST JUDGMENT
## INTEREST

9.1 Plaintiffs will additionally show that t h e y  a r e  entitled to recover pre and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and  now sue for recovery of pre and post-judgment interest as provided by law and equity, under the  applicable provision of the laws of the State of Texas.

## X.
## MISNOMER/ALTER EGO

10.1 In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.  Alternatively, Plaintiffs' contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendant, that they recover their damages in accordance with the evidence, that they  recover costs of Court herein expended, that they recover interest, both pre- and post-judgment, to  which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

## REQUEST FOR DISCLOSURE TO
## ALL DEFENDANTS

All Defendants, pursuant to Rule 194 of the Texas Rules of Civil Procedure, are requested to disclose to Plaintiffs' attorneys, on or before fifty (50) days after service of this request, the information or material described in Rule 194.2(a) through (l).

Certified Document Number: 73081428 - Page 6 of 20

Respectfully submitted,

**MUKERJI LAW FIRM**

*/s/ Sam K. Mukerji*
Sam K. Mukerji
State Bar No.: 24053377
Johnathan D. Silva
State Bar No.: 24097258
2405 Smith Street
Houston, TX 77006
Tel: (713) 222-1222
Fax: (713) 222-0555
litigation@mukerjilaw.com

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 73081428 - Page 7 of 20

## PLAINTIFF RUSSELL BOWERMAN'S FIRST REQUEST FOR PRODUCTION AND INTERROGATORIES TO DEFENDANT SGS NORTH AMERICA, INC.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs hereby serves upon you Plaintiffs' First Request for Production. The documents and tangible things requested should be produced at the offices of Mukerji Law Firm, P.C., 2405 Smith Street, Houston, Texas 77006.

- • **Instructions.**

1. Please serve your answers documents in response to these requests within fifty (50) days after service hereof.

2. Please produce any documents responsive to these requests at the offices of Mukerji Law Firm, P.C.. on or before the date these responses are due.

3.     **Duty to Make Complete Response.** Pursuant to Texas Rule of Civil Procedure 193.1, you must make a complete response to this discovery request, based on all information reasonably available to you or your attorney at the time your response is made.

4.     **Sources of information.** In answering this discovery request, provide all information within the custody, possession, or control of you or your agents, employees, or attorneys. You must furnish all requested information that is known by, possessed by, or available to you or your employees, attorneys, consultants, representatives or agents, and that appears in your records. Answers should not be limited to the personal knowledge of the person verifying the answers and should include all information of which knowledge is imputed to you. When a response is based on imputed knowledge or is made on information and belief, the source and basis of the information and belief or of the imputed knowledge should be identified.

5.     **Partial answers.** If you are unable to answer an interrogatory fully after exercising due diligence to secure the full information, you must answer to the fullest extent possible, specifying the reason for your inability to answer the remainder in stating whatever information, knowledge, or belief you have concerning the unanswered portion. Evasive and incomplete answers may be deemed to be a failure to answer and may render you or your attorney, or both, liable for sanctions pursuant to Texas Rule of Civil Procedure 215.

6.     **Objections.** Pursuant to Texas Rule of Civil Procedure 193.2(b), if you object to a portion of any of the following discovery requests, you must comply with so much of the request in question as to which you have made no objection.

7.     **Continuing nature of discovery requests; duty to supplement.** This discovery request shall be deemed continuing pursuant to the Texas Rules of Civil Procedure. Without being requested to do so, you must amend any answer when it is discovered to be no longer correct or complete and the circumstances are such that a failure to amend the answer is in substance misleading. You must also amend any answer if you learn that the response made was not correct and complete when made.

Certified Document Number: 73081428 - Page 8 of 20

8.      **Assertion of Privilege.** With respect to any information withheld from your responses pursuant to any claim of privilege or immunity or exemption from discovery, you must provide the information required by Texas Rule of Civil Procedure 193.3(a).

9.      **Admissions.** Requests for Admission will be deemed admitted without the necessity of a court order if your responses are served on Plaintiff's attorney after 50 days from the date of service of these requests.

## II.      Definitions.

1. **"Defendant," "You," and "Your"** mean **SGS NORTH AMERICA, INC.** (if discovery to SGS or "all defendants") and include their agents, representatives, employees, successors and assigns, and all other persons acting on their behalf.

2.      **"Document"** means any printed, typewritten, or handwritten matter, any other form of graphical depiction of any communication, information, or data, any writing or other tangible thing of any kind or description, however produced or reproduced, and any type of digitally, electronically or magnetically stored information, including without limitation, data compilations and stored data from which information can be obtained and translated, data (both in tangible form and stored in memory components), data print-outs, databases, "e-mail" messages, phonographic records, audio recordings (whether stored in analog form, stored digitally, stored magnetically (including on audiotapes), or otherwise), video recordings (whether stored digitally, on videotape, or otherwise), photographs (whether stored digitally, on photographic film, or otherwise), telecopies and facsimiles, telegrams, teletype or telefax messages, telexes, work sheets, working papers, or materials similar to any of the foregoing, however denominated by you. The terms **"document"** and **"documents"** also include drafts of any documents and every copy of a document that is not an identical reproduction of the original, whether because it bears any handwritten words, markings, interlineations, alterations, revisions, changes, deletions, marginal comments, notations, or other thing that does not appear in or on the original, or because it otherwise differs in any way from the original document. The foregoing definition is not intended to be one of limitation, and the term "document" is to be given the broadest construction possible under the Texas Rules of Civil Procedure and decisions construing those rules.

3.      **"Person"** means any natural person, corporation, firm, association, partnership, joint venture, Limited Liability Company, proprietorship, governmental body, or other form of organization, business, or legal entity.

4.      **"Possession"** includes actual and constructive possession. Any document or information that is not in your physical possession but that you have a right to obtain from a third person, or which is otherwise subject to your control, is considered to be in your constructive possession. Pursuant to Texas Rule of Civil Procedure 192.7(b), documents or information are within your possession, custody, or control if you have physical possession of them or if you have a right to possession thereof that is equal or superior to that of the person who has physical possession of them.

5.      **"Concerning"** means referring to, relating to, describing, setting forth, evidencing, or constituting.

6.     **"Identify"** and **"identity"** mean: (a) when used in reference to a natural person, to state that person's name and present or last known residential and employment addresses and telephone numbers; (b) when used in reference to an entity other than a natural person, to: (i) state the form of entity (e.g., whether it is a sole proprietorship, partnership, limited partnership, limited liability company, joint venture, or corporation); (ii) provide the address of its principal place of business, and (iii) identify the entity's location and telephone number; (c) when used in reference to an oral communication, to identify the speaker, the person spoken to, any other persons who were present or in a position to hear, the date and place of the communication, and the substance of the communication, and to identify any documents that set forth, summarize, or refer to the communication; (d) when used in reference to information or to a fact, to: (i) describe in reasonable detail the substance of the fact or information; and (ii) state how, when, and from whom you learned of the fact or information, including identifying any person, document, or communication from which you learned of the fact or information; and (e) when used in reference to a document, to identify the author or authors, all addressees, all other recipients, the date of the document, and to describe in reasonable detail the contents of the document.

7.     **"Communication"** means every manner of transmitting or receiving information, opinions, messages, or thoughts, orally, in writing, in person, or otherwise. "Oral communication" means any utterance heard by a person other than the speaker.  Communication includes any verbal, recorded, written, or electronic communication of any kind, including but not limited to electronic mail ("e mail").

8. The **"Incident"** shall mean the auto collision that occurred on or about <u>July 6, 2016,</u> and which is the subject of this suit.

9. **"Describe in reasonable detail"** shall mean to set forth with a reasonable degree of specificity each fact, event, circumstance, act omission, and item of information known to you relating to the subject matter of the interrogatory in question.

•      Pursuant to Texas Rule of Civil Procedure 197.1, when used in relation to a legal or factual contention, such as an allegation or contention in a pleading, "describe in **reasonable detail**" means to state the legal theory or basis of the allegation or contention and to describe in general the factual basis for the allegation or contention. In accordance with Texas Rule of Civil Procedure 197.1, the use of these terms in these discovery requests is not meant to require you to marshal all of your available proof or all of the proof you intend to offer at trial and no objection should be made to these discovery requests on that basis.

## PLAINTIFF RUSSELL BOWERMAN'S INTERROGATORIES TO SGS NORTH AMERICA, INC.

**INTERROGATORY NO. 1:** Please state the full name, address, telephone number, job title, and job description of all persons answering these interrogatories or providing information used in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify by name and address the person driving the vehicle at the time of the collision that made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:** Was the driver of the vehicle employed by you at the time of the collision that made the basis of this lawsuit? If not, please provide the name and address of the individual or entity you contend was driver's employer at the time the incident that made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:** Please state in detail your understanding of how the collision occurred and the name, address, phone number, job title, and job description of all persons, excluding your attorneys, who provided or recorded information upon which you have relied in answering this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify by name, address and telephone number each person who witnessed the automobile collision that made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:** Please provide the date and circumstances surrounding all vehicular accidents Defendant's driver has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to his involvement with your company.

**ANSWER:**

**INTERROGATORY NO. 6:** State the names of all insurance companies who had primary or excess (umbrella) insurance coverage extended for you and/or your driver in effect on the date of the incident that made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage which you contend apply to such incident(s).

    (a)    If any coverage limit is an aggregate limit, please state whether such limit has

Certified Document Number: 73081428 - Page 11 of 20

been reduced by any other claims and, if so, the amount of such reduction.

(b)    If any deductible or self-insured retention applies, please state the amount of same.

**ANSWER:**

**INTERROGATORY NO. 7:** Do you contend that Plaintiff's injuries were caused by some other occurrence(s), disease or condition, either before or after the incident made the basis of this lawsuit? If so, describe in detail such other occurrence(s).

**ANSWER:**

**INTERROGATORY NO. 8:** Please state in full detail each and every contention or denial of liability on Plaintiff's claims that made the basis of this suit.  Include in your answer:

(a)    all facts known to you, and all propositions of law that your attorney, or anyone acting on your behalf or their behalf, which you contend support or corroborate each such denial;

(b)    the name, business address, residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiff's claims; and

(c)    the name, business address, residence address, and telephone number of the  present custodian of any writings in support of each such denial.

**ANSWER:**

**INTERROGATORY NO. 9:** If you have made repairs to the vehicular damage which resulted from this occurrence, please provide:

(a) the name and address of the person or company who made such repairs; and

(b) the itemized cost of such repairs.

**ANSWER:**

**INTERROGATORY NO. 10:** Did your company own or lease the vehicle at issue in this case? If the vehicle was leased, please provide the name, address, and phone number of the company from whom you leased the vehicle, as well as the company you understand may own the vehicle.

**ANSWER:**

**INTERROGATORY NO. 11:** Please provide the points of origin and destination of your driver on the route he was driving when this accident occurred, the time he began work and ceased work the day before and the day of this accident, and the number of miles he  traveled the day before this accident and the day of this accident.

Certified Document Number: 73081428 - Page 12 of 20

**ANSWER:**

**INTERROGATORY NO. 12:** Please describe the average number of hours your driver would drive in an average week for the four (4) weeks prior to this accident.

**ANSWER:**

**INTERROGATORY NO. 13:** Please list all complaints, reprimands, or any other disciplinary action(s), formal or informal, that you are aware of regarding your driver who was driving the vehicle at the time of the collision that made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 14:** Do you require drivers you employ to carry cameras, accident kits, exoneration cards, or other similar materials in their vehicles in the event of an accident? If so, please specifically describe and inventory the contents of such kits and/or items.

**ANSWER:**

**INTERROGATORY NO. 15:** Please detail all actions taken by your company in investigating the background of your driver, who was driving the vehicle at the time of the collision, prior to hiring and/or retaining his services. Include the name, address, and phone number of any and all references and former or then current employers contacted.

**ANSWER:**

**INTERROGATORY NO. 16:** Please describe any and all training or education in driving vehicles provided to your driver who was driving the vehicle at the time of the collision, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by your driver, and indicate whether Defendant's driver required more than one attempt to pass any testing associated with such training. If not, please detail all education and training that you are aware your driver received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 17:** Please describe all repairs that had been performed on the vehicle your driver was driving in the year prior to the accident, including the name of all facilities that have inspected and/or worked on the vehicle at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state your driver's, who was operating the vehicle at the time of the collision, date of birth, social security number, driver license number (current and at the time of the collision), current home address, address at the time of the collision, current work address, mobile phone number(s), work phone number(s), home phone number(s), and email address(es) used by your driver.

Certified Document Number: 73081428 - Page 13 of 20

**ANSWER:**

**INTERROGATORY NO. 19:** Please provide a list of all SGS employees who were driving company vehicles in Harris County, Texas between the dates of July 4th, 2016 and July 8th, 2016.

**ANSWER:**

**INTERROGATORY NO. 20:** Please provide a list of all SGS employees present at the scene of the collision that made the basis of this lawsuit but not limited to the driver of the vehicle or company safety personnel.

**ANSWER:**

**INTERROGATORY NO. 21:** Please provide a list of every vehicle owned, leased, or operated by SGS and its employees in Harris County, Texas between July 4th, 2016 and July 8th, 2016. Please include the model, make, license plate number, and VIN registration number.

**ANSWER:**

## PLAINTIFF RUSSELL BOWERMAN'S REQUEST FOR PRODUCTION TO DEFENDANT SGS NORTH AMERICA, INC.

1.    All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

2.    All photographs taken of the scene of the automobile collision or the surrounding area of the scene of the automobile collision in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

3.    All photographs taken of the Plaintiff and/or the vehicle the Plaintiff was driving that may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

4.    All photographs taken of the Defendant's driver and/or the vehicle the driver was driving that may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

5.    All pictures, motion pictures, movies, films, charts, plats, drawings or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

6.    All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of Plaintiff's lawsuit taken before, during or after the automobile collision in question which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

7.    All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

8.    All oral statements made by the Plaintiff or anyone in Plaintiff's family which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

9.    All written statements made by any witnesses to the automobile collision that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

10.    All oral, taped, or recorded statements made by any witnesses to the automobile collision that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession,

Certified Document Number: 73081428 - Page 15 of 20

custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

11.    A copy of the policy or policies of liability insurance providing coverage to the Defendant and, if applicable, Defendant's driver.

12.    A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the Defendant and, if applicable, Defendant's driver.

13.    A curriculum vitae or resume, written report, bibliography, fee agreement and list of cases each expert has testified in over the past ten years, whether live or by deposition, for any individual whom you may call as an expert witness in the trial of this matter.

14.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis, either in whole or in part, of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

15.    Copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision made the basis of Plaintiff's lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

16.    Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the automobile collision made the basis of Plaintiff's lawsuit.

17.    Copies of any and all relevant documents, reports, and/or memorandum in Defendant's possession which have resulted from the automobile collision made the basis of Plaintiff's lawsuit, save and except any such documents prepared by Defendant's attorney or protected by attorney-client privilege, as a result of the automobile collision which has been made the basis of Plaintiffs' lawsuit. If such documents exist and you contend such privilege(s) apply, pursuant to Rule 193.3(b) of the Texas Rules of Civil Procedure, Plaintiff requests a detailed privilege log be prepared and attached hereto so that Plaintiff may independently determine the applicability of such privilege(s) and seek a judicial determination of the privilege, if necessary.

18.    Copies of any contracts or agreements between Defendant and any vehicular maintenance or repair service provider.

Certified Document Number: 73081428 - Page 16 of 20

19.    Copies of any contracts or agreements between Defendant and any other person or entity which Defendant contends is the owner of the vehicle driven by Defendant's driver in this matter, with regard to the lease and/or
use of the vehicle involved in the collision made the basis of this suit.

20.    Copies of all documents referenced in Plaintiff's Interrogatories propounded to Defendant and in Defendant's Responses to such Interrogatories.

21.    Copies of Defendant's driver's employment file and any and all other files which Defendant keeps or has regarding driver involved in the incident made the basis of this wreck.

22.    Copies of any documents in Defendant's possession regarding driver's driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

23.    Copies of all driving logs for driver for ten (10) days prior to and ten (10) days subsequent to the date of the automobile collision made the basis of this lawsuit, inclusive of the date of the automobile collision made the basis of this lawsuit.

24.    Copies of all documents of any kind that were in the vehicle which driver was driving when this automobile collision occurred.

25.    Copies of all driver's licenses and vehicle driving certifications in Defendant's possession which driver possesses or has earned.

26.    Copies of all manuals or pamphlets which provide all applicable state, federal, and all other regulations relevant to this cause.

27.    Copies of all documents which reflect the method by which driver's paycheck was calculated, as well as copies of his paychecks and/or pay stubs for the four weeks prior to and subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

28.    Copies of all videos, manuals, or other materials provided to or reviewed by driver regarding driving company vehicles.

29.    Copies of all documents, manuals, policies, or any other materials regarding safety and driving vehicles used by or in the possession of Defendant.

30.    Copies of all work orders, invoices, or any other documents reflecting inspections, repairs, maintenance, or any other work performed on the vehicle at issue in this case for the year prior to this automobile collision and for one month subsequent to this automobile collision, inclusive of the date of the automobile collision made the basis of this lawsuit.

31.    Complete and clearly readable copies of all trip and/or operational documents pertaining to drivers and/or passengers he may have been transporting at the time the

Certified Document Number: 73081428 - Page 17 of 20

automobile collision made the basis of this lawsuit. This request includes but is not limited to copies and printouts of GPS records, payment records, trip records, and/or payment records which pertain to drivers that are in your constructive or actual possession.

32.   Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of Defendant in reference to the automobile collision as defined herein, excluding only those written documents, materials and objects that can be clearly identified as the work product of the Defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by Defendant to any other person, organization or governmental entity.

33.   Complete and clearly readable copies of any and all other accident or incident files and records maintained by Defendant in reference to any other vehicular accident, or incident, prior to the occurrence of the automobile collision in question, where driver, or his co-driver(s), or trainer, was the driver of a vehicle involved in any prior automobile collisions or incidents.

34.   Complete and clearly readable copies of each and every insurance policy and/or agreements which may be required to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse Defendant for payments made to satisfy such a judgment. This request specifically refers to all coverage available to Defendant and/or thought or believed to be available and in force when this automobile collision occurred, indicating Defendant as a named insured or omnibus insured or any other type, whether by application, binder, issuance of policy or extension of a grace period.

35.   Copies of driver's employment file and any and all other files which Defendant keeps or has regarding driver

36.   Copies of any documents in Defendant's possession regarding driver's driving history, past automobile collisions, speeding tickets, moving violations and Driver's License suspensions and/or revocations.

37.   Copies of any documents or statements in Defendant's possession that reflect, refer to, or evidence the   Plaintiff's claim of the collision that made the basis of this lawsuit

This is a continuing request, and should any documents or information be obtained by named Defendant, which may come within the confines of these requests, the same should be delivered to the Plaintiff's attorney of record upon receipt of such information or documents.

Plaintiff's Original Petition, with Discovery

18

## PLAINTIFF RUSSELL BOWERMAN'S REQUESTS FOR ADMISSION TO DEFENDANT SGS NORTH AMERICA, INC.

Admit or Deny the following:

**REQUEST FOR ADMISSION NO. 1:**
Admit or deny that an SGS employee was involved in a motor vehicle accident with named Plaintiffs in this lawsuit or any employee of Shamrock Farrell Inc. during the month of July 2016 in Harris County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit or deny that an SGS employee reported to SGS that he was involved in a motor vehicle accident in company truck during the month of July 2016 in Harris County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit or deny that a vehicle owned or leased by SGS sustained damage due to a motor vehicle accident during the month of July 2016 in Harris County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit or deny that a vehicle owned or leased by SGS was repaired due to a motor vehicle accident during the month of July 2016 in Harris County, Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that an SGS employee caused the incident which forms the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit or deny that you are liable for the negligence of driver who caused the collision that made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Certified Document Number: 73081428 - Page 19 of 20

Admit or deny that you owned the vehicle driven by driver at the time of the collision that made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit or deny that you leased the vehicle driven by driver at the time of the collision that made the basis of this lawsuit.

**RESPONSE:**

Certified Document Number: 73081428 - Page 20 of 20



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 12, 2017

Certified Document Number:          73081428 Total Pages:  20

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**